[Crim. No. 1342. First Appellate District, Division Two.—March 31, 1927.]

THE PEOPLE, Respondent, v. EMMA BROSE, Appellant.

[1] CRIMINAL LAW—LARCENY—VERDICT—EVIDENCE.—In this prosecution for grand larceny, the evidence was sufficient to support the verdict of guilty.

[2] ID.—CREDIBILITY OF WITNESSES—QUESTION FOR JURY—APPEAL.— The question of credibility of witnesses is one for the jury, and the appellate court is not at liberty to usurp the functions of the jury and state that the witnesses for the defendant were more credible than the prosecuting witness.

2. See 27 Cal. Jur. 182, 186; 28 R. C. L. 657.

[3] ID.—LIABILITY OF ACCESSORIES—INSTRUCTIONS.—In such action, the trial court did not err in giving an instruction defining the liability of accessories as defined in section 31 of the Penal Code.

[4] ID.—IMPERTINENT INSTRUCTIONS—PROPER REJECTION OF.—In such prosecution, the rejection of proposed instructions, which were not pertinent to any set of facts to be found in the evidence, was proper.

[5] ID.—CONVICTION OF PRINCIPALS ONLY—PROPER REFUSAL OF PROPOSED INSTRUCTION.—In such prosecution, a proposed instruction which, as worded, was to the effect that principals only and not accessories could be convicted under the indictment, was properly refused.

[6] ID.—REFUSED INSTRUCTIONS COVERED BY OTHERS GIVEN—ABSENCE OF ERROR.—In such prosecution, the defendant cannot justly complain of refusal to give proposed instructions, which were covered by other instructions given by the court.

(1) 36 C. J., p. 899, n. 34. (2) 16 C. J., p. 930, n. 93; 17 C. J., p. 267, n. 99. (3) 36 C. J., p. 935, n. 17. (4) 16 C. J., p. 1045, n. 39. (6) 16 C. J., p. 1036, n. 62, p. 1063, n. 85; 36 C. J., p. 924, n. 79.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. T. Califro and John D. Harloe for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was convicted of the crime of grand larceny and has appealed on a typewritten record. She claims the evidence is insufficient to sustain the verdict and that the verdict is contrary to the evidence; that the verdict is contrary to law and the evidence; that the trial court misdirected the jury in a matter of law; and the trial court erred in the decision of questions of law arising during the course of the trial. The respondent has answered

3.  See 7 Cal. Jur. 887; 8 Cal. Jur. 335; 1 R. C. L. 144.
4.  See 8 Cal. Jur. 321; 14 R. C. L. 786.
6.  See 8 Cal. Jur. 314; 14 R. C. L. 751.

these points under two subtitles, namely, ''Sufficiency of the evidence'' and ''Instructions.'' We will take up the points in the form and order as last stated.

[1] As to the sufficiency of the evidence it should be stated in the very beginning that the uncontradicted story is to the effect that on the evening of the 27th of October, 1925, in apartment number 401 of the Braeburn Apartments there were taken from the fingers of Eva Flemming, the complaining witness, six diamond rings of the total value of sixteen thousand dollars. The point presented by the appeal raises solely the question as to who did the taking. On the trial Eva Flemming took the stand and was examined and cross-examined as to the facts. Among other things she testified that she was an insurance broker and in that capacity became acquainted in the fall of 1924 with the appellant and appellant's husband, Fred Brose. At that time, and indeed at nearly all times, she wore the rings continuously. After their first meeting Fred Brose took out an insurance policy through the solicitation of his wife, and caused Miss Flemming to issue the policy and accept his promissory note temporarily in payment of the first premium. Later the defendant caused Miss Flemming to issue to her an insurance policy and to accept a promissory note temporarily in payment of the first premium. In September, 1925, the defendant commenced extending invitations to Miss Flemming, asking her to attend parties and dinners. She extended many of them. On the 24th of October, 1925, Jack Lorraine rented the Braeburn Apartment for the period of one week under the name of Mr. Laury. Jack Lorraine is referred to by both parties as a known crook. The defendant testified that she had known him some months and that Lorraine had been arrested and that the defendant had gone on his bail a short time before the following incidents occurred. On the evening of October 26, 1925, the defendant telephoned an invitation asking Miss Flemming to come to the apartment. She did so and at that time she met Jack Lorraine, who was introduced to her as Mr. Barr, a friend from Chicago. Red Rafferty, Fred Brose, and Rachel Jones were also there. Miss Flemming remained until about midnight and then returned to her hotel. In the meantime she was invited to return to the apartment October 27th for dinner. She did so and on that occasion she met the defendant, Fred

Brose, Jack Lorraine, Red Rafferty, and Myrtle Pomyea. She arrived about 7 P. M. A big dinner was served at about 7:15. Among other things served to her was a cup of coffee which, she testified, had a bad taste, but which she drank. Miss Flemming testified that after dinner she helped to dry the dishes and then went into the living-room and sat on a box-couch and began to read a magazine. At that time she became unconscious and the next thing she remembered was that appellant and Myrtle Pomyea were standing over her and saying that the apartment had been robbed. As she regained consciousness she looked at her watch and it indicated 9:30. All of the dinner guests above mentioned were still in the apartment. As soon as she observed that her rings were gone she wanted to telephone to the night clerk, to the police, etc.; however, one or the other of those present coaxed her not to do so, physically prevented her from doing so, or threatened her if she did do so. In the same manner she was restrained from leaving the apartment. She was detained there during the rest of that night and during the following day until evening time. She was then taken in an automobile to her hotel. On arriving at her hotel she promptly communicated with certain private detectives and the police, and with their help she immediately proceeded to make an investigation. During that evening they went from house to house, among others to the Braeburn Apartments. At that place they learned that Lorraine had already checked out. On going to apartment number 401 they found that all luggage had been removed. Later in the night when Miss Flemming retired she discovered a spot on each one of her shoulders that appeared to be irritated and the next day she went to her physician, who made an examination and testified at the trial. His testimony was to the effect that she had been given a hypodermic injection of chloral and that the effect of drinking chloral or of the injections would be to produce drowsiness or unconsciousness, according to the amount taken.

At this point it should be noted that the indictment ran against Jack Lorraine, Emma Brose, and Fred Brose. No reason has been shown why Myrtle Pomyea and Red Rafferty were not included in the indictment. Jack Lorraine was never served and so far as the record discloses has not been seen since October 29, 1925.

82 Cal. App.—9

Myrtle Pomyea left the apartment before Miss Flemming left. Soon after Miss Flemming left the apartment Jack Lorraine crossed the bay to the Hotel Oakland to call on Myrtle Pomyea. Red Rafferty, Emma Brose, and Fred Brose also went over there. They all met and stayed at the Hotel Oakland during the night of October 28th. The next day, about noon, Emma Brose and Fred Brose returned to San Francisco. They did not go to their home on Twenty-seventh Avenue, but they took lodgings under an assumed name at the Hotel Ogden on Mission Street. The foregoing story contains an abundance of evidence sufficient to support the verdict. The appellant says that the evidence would equally support a verdict against each and all of the other guests. That may be freely granted, but the argument does not lessen the weight of the above evidence as against the appellant. The appellant cites the testimony of her own witnesses and argues that the story disclosed by Emma Brose, Fred Brose, and Myrtle Pomyea was so plausible as to discredit entirely the story told by Miss Flemming. [2] That argument runs to the credibility of the witnesses. But that subject was a question for the jury. We are not at liberty to usurp the functions of the jury and state that the witnesses for the appellant were more credible than the prosecuting witness. The appellant cites and relies on *People v. Silva,* 48 Cal. App. 728, 737 [192 Pac. 330]. The case is not helpful. It differed in its facts in many material respects.

[3] The trial court gave an instruction defining the liability of accessories as defined in section 31 of the Penal Code. The appellant objects to the instruction and cites *People v. Silva, supra.* In that case it was held that the instruction correctly stated the law, but was not applicable to the facts. It was applicable in the case before us. [4] The appellant complains because the trial court refused her proposed instruction number 11. There was no error in the refusal. It was not pertinent to any set of facts to be found in the evidence. The same remark applies to appellant's proposed instruction number 12. [5] She also complains because her proposed instruction number 9 was not given. It should not have been. As worded, it was to the effect that principals only and not accessories could be convicted under the indictment. [6] Again she complains because her proposed in-

struction number 5 was not given. That instruction deals with a condition of the record where the evidence is susceptible of two reasonable interpretations, etc. The instructions, as given, are not numbered. However, we have read the entire charge of the court. It was full and complete both as to direct evidence and circumstantial evidence and covered the subject matter of the proposed instruction number 5. Finally, the appellant complains because her proposed instruction number 2 was not given. In so far as it was sound law the subject matter was covered by other instructions. In part the proposed instruction was highly argumentative and it was not error on the part of the trial court to refuse to give the instruction as it was presented.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 26, 1927.